IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01613-BNB

LEO SIMMONS

    Plaintiff,

v.

TOM CLEMENTS, Executive Director,
KEVIN MILYARD, Warden,
TIMOTHY USRY, Major,
SCOTT, Captain,
LT., Shift Commander,
C/O In Charge Unit 24, and
MEDICAL COORDINATOR,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 1 9 2011

GREGORY C. LANGHAM
                    CLERK

## ORDER

This matter is before the Court on Plaintiff's three motions requesting injunctive relief, including: (1) "Motion for Restraining Orders Pursuant to D.C. Colo. L. Civ. R. 65(b)(1) and Injunction Pursuant to Rule 65(a)(1)," Doc. No 4; (2) "Motion to Cease and Desist, Pursuant to Their Errant Ways and Evil Intent to Act Unprofession [sic] in the D.O.C.," Doc. No. 8; and (3) "Motion Pursuant to Rule 65 Injunction and Restraining Orders," Doc. No. 10. The Court must construe the motions liberally because Mr. Simmons is not represented by an attorney. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a pro se litigant. See Hall, 935 F.2d at 1110.

For the reasons stated below, the Court will deny Mr. Simmons' requests for injunctive relief.

The Court may not issue a temporary restraining order or preliminary injunctive relief unless Mr. Simmons shows, in part, "that immediate and irreparable injury, loss, or damage will result . . . before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Further, Mr. Simmons must certify in writing the efforts he made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A).

The primary purpose of injunctive relief is to preserve the status quo pending a final determination of the parties' rights. *Otero Savings and Loan Ass'n v. Federal Reserve Bank of Kansas City, Mo.*, 665 F.2d 275 (10th Cir. 1981). A party seeking a preliminary injunction must show (1) a substantial likelihood of prevailing on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury to him outweighs whatever damage the proposed injunction may cause the opposing party; and (4), the injunction, if issued, would not be adverse to the public interest. *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

Even if Mr. Simmons had satisfied all of the procedural requirements for obtaining ex parte relief pursuant to Rule 65(b)(1), the Court finds that preliminary injunctive relief is not appropriate in this case because Mr. Simmons has not demonstrated a substantial likelihood of success on the merits of his claims.

In the July 22, 2011 Motion for Restraining Order, Mr. Simmons states that he was regressed without receiving a "write-up or proper disciplinary actions." In the September 6, 2011 Motion to Cease and Desist, Mr. Simmons states that he has been denied access to the law library and is not able to cure the deficiencies in his Complaint.

2

Finally, in the September 7, 2011 Motion Pursuant to Rule 65, Mr. Simmons asserts that the security department intends to cause him harm and has threatened him. Mr. Simmons further asserts in the September 7 Motion that he has serious medical issues, but no one believes him and his medical records are not available on the computer. Besides asking the Court to issue an order addressing the bad behavior by the prison staff in the September 6 Motion to Cease and Desist, Mr. Simmons does not ask for any other specific relief in any of the motions for injunctive relief.

The claims set forth in the three motions are conclusory and vague. Furthermore, a claim of regression, without more, is a challenged to a prison classification. The Constitution itself does not provide a prison inmate with any liberty interest in his classification or placement because he is not entitled to any particular degree of liberty in prison. *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Furthermore, Mr Simmons' denial of access to the prison law library claim does state a violation of his constitutional rights; Mr. Simmons does not have a per se constitutional right to access the law library. Mr. Simmons must plead and prove he was actually impeded in his ability to conduct a particular case to state a violation of his constitutional rights. *See Casey v. Lewis*, 518 U.S. 343 (1996). Mr. Simmons has had sufficient access to this Court, which is evidenced by the multiple motions he has filed requesting injunctive relief and by his ability to cure all the deficiencies noted by the Court in the June 28, 2011 Order. Finally, verbal harassment and threats without more do not state an arguable constitutional claim. *See Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992); *Cumbey v. Meachum*, 684 F.2d 712, 714 (10th Cir. 1982) (per curiam); *Collins v.*

*Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (per curiam).

All three of the motions for injunctive relief will be denied because Mr. Simmons fails to allege specific facts that demonstrate he is facing immediate and irreparable injury. Accordingly, it is

ORDERED that Plaintiff's motions for injunctive relief, including Document Nos. 4, 8, and 10, are **DENIED**.

DATED at Denver, Colorado, this  19th  day of   September   , 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01613-BNB

Leo Simmons
Prisoner No. 62094
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on September 19, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk