IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-01613-BNB

LEO SIMMONS

       Plaintiff,

v.

TOM CLEMENTS, Executive Director,
KEVIN MILYARD, Warden,
TIMOTHY USRY, Major,
SCOTT, Captain,
LT. SHIFT COMMANDER,
BANUELOS, C/O In Charge Unit 24,and
MEDICAL COORDINATOR,

       Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 1 9 2011

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS

---

       Plaintiff, Leo Simmons, is in the custody of the Colorado Department of

Corrections (DOC) and currently is incarcerated in the Correctional Facility at Sterling,

Colorado.  Mr. Simmons, acting *pro se*, filed a Prisoner Complaint and a Prisoner's

Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  Magistrate

Judge Boyd N. Boland entered an Order to Amend and Show Cause on September 14,

2011.  In the September 14 Order, Mr. Simmons was instructed to amend the Complaint

and state specifically how he has been placed in imminent danger of serious physical

injury.  He also was directed to state how each named defendant participated in the

alleged deprivations of his federal rights.  Magistrate Judge Boland further instructed

Mr. Simmons to show cause why the Court should not deny him leave to proceed

pursuant to § 1915 because he is subject to the filing restrictions in § 1915(g). The claims he asserts are conclusory and vague and do not state with any specificity how the lack of medical treatment currently places him in imminent danger of serious physical injury. On September 7, 2011, Mr. Simmons filed an Amended Complaint. For the reasons stated below, Mr. Simmons will be denied leave to proceed pursuant to § 1915.

In relevant part, § 1915 provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). As Magistrate Judge Boland noted in the Order to Show Cause, Mr. Simmons has filed more than three actions in a court of the United States while he was incarcerated or detained in any facility that were dismissed as frivolous or for failure to state a claim. *See Simmons v. Suthers, et al.*, 99-cv-01228-RPM (D. Colo. June 2, 2000) *appeal dismissed*, No. 00-1249, 2001 WL 497369 (10th Cir. May 10, 2001) (dismissed as frivolous on appeal; counts as a strike for purposes of § 1915(g)) (not selected for publication); *Simmons v. Suthers*, 99-cv-00921-ZLW (D. Colo. Sept. 28, 1999) *appeal dismissed*, No. 99-1472, 2000 WL 377470 (10th Cir. Apr. 12, 2000) (court of appeals construed dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (not selected for publication); *Simmons v. No Named Defendant*, No. 99-cv-01223-ZLW (D. Colo. Aug. 10, 1999) *appeal dismissed*, No. 99-1395, 1999 WL 1243082 (10th Cir. Dec. 21,

1999) (dismissed as frivolous on appeal; counts as a strike for purposes of § 1915(g)) (not selected for publication).

The Court liberally construes Mr. Simmons' Complaint, accepting the allegations as true. *See Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005) (noting that the court construe "a pro se complaint liberally" and "must accept the allegations of the complaint as true" (quotation omitted)). In order to meet the "imminent danger" requirement, "the harm must be imminent or occurring at the time the complaint is filed." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). In other words, allegations of past injury or harm are insufficient, *see id.*, as are vague and conclusory assertions of harm, *see White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998). To fall within the exception, Mr. Simmons' Complaint must contain "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (emphasis added).

Generally, the claims in the Amended Complaint are vague and conclusory accusations of a violation of his constitutional rights. Mr. Simmons, however, does state that he has chronic back pain, chest pain, cramps in his legs, bad circulation, and infection in his feet. He concedes, however, that he is given medication, apparently for these ailments, but the medication is a "cheeper" [sic] medication than what was prescribed and causes side effects. *See* Am. Compl. at 10. A disagreement with the type of medical treatment that is prescribed, *per se*, does not assert a violation of constitutional rights. *See Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) ("[A] prisoner who merely disagrees with a diagnosis or a prescribed course of

3

treatment does not state a constitutional violation.")  Furthermore, Mr. Simmons' general statement that the medication causes side effects and that he does not feel right does not state specific claims of imminent danger of serious physical injury.

Mr. Simmons also only asserts claims against three of the named defendants. He alleges that Defendant Banuelos looked as his feet and told him he had athlete's feet and attempted, but was not successful, in asking Mr. Simmons' cell mate to move from the lower bunk to the upper bunk to accommodate Mr. Simmons.  He further alleges that Defendants Captain Scott and Lieutenant Shift Commander have conspired to destroy his medical records.  Am. Compl., Doc. No. 9 at 9-10 and 13.  Mr. Simmons does not assert any claims against the remaining named defendants.

Mr. Simmons was given the opportunity to amend his Complaint and state specific allegations of ongoing serious physical injury.  The claims Mr. Simmons asserts in the Amended Complaint against Defendants Banuelos, Scott, and Lieutenant Shift Commander fail to state specific allegations of ongoing serious physical injury with respect to each of the ailments he identified.  Mr. Simmons does not state what specific medical treatment he needs and is not receiving.  His only complaint is that he needs to talk with a physician because there is something wrong with him.  As for the alleged destruction of his medical records, Mr. Simmons does not assert what was contained in the records that would indicate he is in imminent danger of serious physical injury.

Because Mr. Simmons fails to assert that he is in imminent danger of serious physical injury and because he has filed at least three actions in a federal court that have been dismissed as either legally frivolous or for failure to state a claim, his § 1915 Motion will be denied.  If Mr. Simmons wishes to pursue his claims in this action he

must pay the $350.00 filing fee pursuant to 28 U.S.C. § 1914(a).  Mr. Simmons is reminded that, even if he pays the filing fee in full, a review of the merits of his claims is subject to 28 U.S.C. § 1915(e)(2), and the action may be dismissed notwithstanding any filing fee if the claims are found to be frivolous or malicious, lacking in merit, or asserted against a defendant who is immune from suit.   Accordingly, it is

ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, Doc. No. 4, is denied.  It is

FURTHER ORDERED that Mr. Simmons shall have **thirty days from the date of this Order** to pay the entire $350.00 filing fee if he wishes to pursue his claims in this action.  It is

FURTHER ORDERED that if Mr. Simmons fails to pay the entire $350.00 filing fee within the time allowed, the Complaint and the action will be dismissed without further notice.  It is

FURTHER ORDERED that the only proper filing at this time is the payment of the $350.00 filing fee.  It is

FURTHER ORDERED that the "Motion for Reconsideration and Review of Judgement [sic], " Doc. No. 14, does not pertain to this action.  It is

FURTHER ORDERED that the "Motion Pursuant to Rule 55 Default; Default Judgment, " Doc., No. 13, and the "Motion Pursuant to Rule 56; Summary Judgment," Doc., No. 15, are denied as improper.

5

DATED at Denver, Colorado, this __19th__ day of ____October_____, 2011.

BY THE COURT:


____s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Judge
United States District Court

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01613-BNB

Leo Simmons
Prisoner No.  62094
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on October 19, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk